JKM

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jonathan Tommy, | No. CV 09-1987-PHX-DGC (JRI) |
| Petitioner, | **ORDER** |
| vs. | |
| Katrina Kane, | |
| Respondent. | |

Petitioner Jonathan Tommy (A097-194-385), who is confined in the Eloy Detention Center in Eloy, Arizona, has filed a *pro se* Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. #5.) Petitioner has also filed a Motion for Immediate Release. (Doc. #6.) The Court will deny Petitioner's Motion and require Respondent to answer the Amended Petition.

**I.  Amended Petition**

Petitioner alleges that immigration officials are holding him in detention pending his removal to Sierra Leone. Petitioner argues that he is entitled to release from custody because his post-removal order detention for more than six months is unlawful. See Zadvydas v. Davis, 533 U.S. 678 (2001) (when there is no reasonable likelihood that a foreign government will accept an alien's return in the reasonably foreseeable future, the INS may not detain the alien for more than the presumptively reasonable period of six months); Clark v. Martinez, 543 U.S. 371 (2005) (extending the holding in Zadvydas to inadmissible aliens). The Court will require Respondent to answer the Amended Petition.

**TERMPSREF**

## II. Request for Immediate Release from Detention

Petitioner also seeks a an injunction directing Respondent to immediately release him from detention. Petitioner's request for expedited release, however, is essentially a restatement of the ultimate request for relief presented in his Petition. Every habeas corpus petition necessarily alleges the same basic ground for relief, *i.e.*, that the petitioner is being detained in violation of the Constitution, laws or treaties of the United States. See 28 U.S.C. § 2241. Only when it is clear on the face of a petition that exceptional circumstances require immediate review of a petitioner's claims will consideration of his petition be advanced at the expense of prior, pending petitions. Upon the record currently before the Court, it is not plain that the merits of Petitioner's claims are so strong as to warrant either expedited adjudication or immediate release from custody. See In re Roe, 257 F.3d 1077, 1081 (9th Cir. 2001) (declining to resolve issue of whether a district court has the authority to release a prisoner pending resolution of a habeas case, but holding that if such authority does exist, it can only be exercised in an "extraordinary case involving special circumstances"). Accordingly, Petitioner's request for immediate release will be denied.

## III. Warnings

### A. Address Changes

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B. Copies

Petitioner must serve Respondent, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Petitioner also must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

/////

TERMPSREF

- 2 -

**C. Possible dismissal**

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (district court may dismiss action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Petitioner's Motion for Immediate Release (Doc. #6) is **denied**.

(2) The Clerk of Court must serve a copy of the Summons, Amended Petition (Doc. #4), and this Order upon the United States Attorney for the District of Arizona by certified mail addressed to the civil process clerk at the office of the United States Attorney pursuant to Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure. The Clerk of Court also must send by certified mail a copy of the Summons, Amended Petition and this Order to the United States Attorney General pursuant to Rule 4(i)(1)(B) and to Respondent pursuant to Rule 4(i)(2).

(3) Respondent must answer the Amended Petition within 20 days of the date of service. Respondent must not file a dispositive motion in place of an answer without first showing cause as to why an answer is inadequate. Petitioner may file a reply within 20 days from the date of service of the answer.

(4) This matter is referred to Magistrate Judge Jay R. Irwin pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

DATED this 18th day of December, 2009.

_____
David G. Campbell
United States District Judge